IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, :<br>　　　　Plaintiff,<br>　　v.<br>KENNETH YOUNG,<br>　　　　Defendant. | Criminal Action No.  08-62-SLR |

DEFENDANT'S MOTION TO SUPPRESS
EVIDENCE AND STATEMENTS

Defendant, Kenneth Young, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about March 23, 2008, and also moves for an Order suppressing the statements made by Defendant subsequent to the illegal search and seizure.

In support of this motion, the Defendant avers as follows:

1.  By Indictment filed April 10, 2008, Mr. Young was charged with one count of possession of a firearm by a convicted person, in violation of 18 U.S.C. § 922(g)(1).

2.  The Indictment alleges that the firearm was a "Security Industries of America Police Security Special .38 caliber revolver, serial no. 04997," and that the firearm was possessed by Defendant on or about March 23, 2008.

3.  The government has provided defense counsel with a copy of a Wilmington Police report captioned, "Investigate Narrative."

4.  The "Investigative Narrative" alleges as follows:

　　a.  that Officer Silva of the Wilmington Police Department heard several gun shots fired in the 1600 block of W. 5th Street;

　　b.  that Officer Silva observed two males walking at a fast speed out of the Clayton Court Apartments and enter a vehicle in the 500 block of N. Clayton Street;

   c. that Officer Silva notified assisting officers and WILCOM of these two individuals and their direction of travel;

   d. that assisting officers located this vehicle, followed it, and subsequently conducted a traffic stop of the vehicle;

   e. that as Officer Kurten approached the vehicle, which was a Cadillac, he observed a revolver in the center console next to the gear shifter;

   f. that both occupants were ordered out of the vehicle;

   g. that on the passenger front floor officers recovered an automatic pistol;

   h. that the driver of the vehicle was later identified as the defendant, Kenneth Young.

5. The Investigative Narrative further alleges that after being taken into custody, Defendant Young waived his Miranda rights and allegedly acknowledged that he had guns in his vehicle.

6. Defendant does not stipulate to the allegations reflected in the Investigative Narrative, but cites those allegations in support of a request for an evidentiary hearing.

7. Defendant moves to suppress the firearm, on the ground that it was secured through a warrantless search and seizure, in violation of the Fourth Amendment of the United States Constitution.

8. Defendant also moves to suppress the statements to police, on the ground that they are the fruits of the unlawful search and seizure and taken in violation of the Fifth Amendment and Miranda.

9. A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers. United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (citing California v. Hodari D., 499 U.S. 621, 626 (1991). "When police make a traffic stop, a passenger in the car, like the driver, is seized for Fourth Amendment purposes and [] may challenge the stop's constitutionality." Brendlin v. California, 127 S.Ct. 2400, 2401, 2007 WL 1730143 (U.S.Cal.).

10. Mr. Young was clearly seized by police in this case. A seizure without a warrant or

probable cause may only be conducted in the form of a brief investigatory stop, when the officer has reasonable suspicion that the individual is engaged in criminal activity. Couden v. Duffy, 446 F.3d 483, 494 (3d Cir. 2006) (citations omitted).

11.  The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed, if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967).

12.  In the present case, there was no reasonable suspicion or probable cause upon which to justify a stop of Mr. Young's vehicle.

13.  Because the search was illegal, all evidence seized from this illegal search, including any statements made by Mr. Young, must be suppressed in accordance with the "fruit of the poisonous tree doctrine," as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

14.  Mr. Young also moves under the Fifth Amendment and Miranda to suppress any statements he allegedly made during, or subsequent to, his illegal search and seizure. According to Jackson v. Denno, 378 U.S. 368, 380 (1964): "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny. See Miranda, 384 U.S. at 475.

15.  It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. Miranda, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. Id. at 444.

16.  In the present case, there was no affirmative indication of understanding or voluntary waiver of the entire litany of constitutional rights. See Miranda, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also

be specifically explained and understood by the defendant). The government has provided no evidence that any waiver of rights made by Mr. Young was a knowing, intelligent, or a voluntary waiver.

**WHEREFORE**, it is respectfully requested that an evidentiary hearing be scheduled, and that Defendant's Motion to Suppress Evidence and Statements be GRANTED.

Respectfully submitted,

 /s/ Eleni Kousoulis
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
One Customs House
704 King Street, Suite 110
Wilmington, DE  19801
ecf_de@msn.com

Attorney for Defendant Kenneth Young

Dated: May 1, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-62-SLR |
| | : | |
| KENNETH YOUNG, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

The Court having considered Defendant Young's Motion to Suppress Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2008, that the physical evidence seized from the Cadillac in this case shall be suppressed, and that Defendant Young's subsequent statements to police shall be suppressed.

                                                                                                             _____
                                                                                                              Honorable Sue L. Robinson
                                                                                                              United States District Court